NATHANIEL M. GEORGE & another *vs.* BENJAMIN T. REED & others.

In an action of tort, changed on the plaintiff's motion to a suit in equity upon the terms that he shall pay the defendants' taxable costs, each defendant is entitled to separate costs if they have answered severally; and it is immaterial that the action was brought originally in contract.

APPEAL from the taxation of costs in an action in the superior court which the plaintiffs obtained leave to change to a suit

in equity and transfer to this court, " paying all defendants'
taxable costs up to the time of such transfer." See 101 Mass.
378. The action was brought originally as an action of con-
tract, and the plaintiffs were then allowed to amend their dec-
laration so as to proceed in tort. To the original declaration,
and to it as amended, the defendants answered severally.

The clerk of the superior court, in taxing the costs to which
the defendants were entitled under the terms on which the
change to a suit in equity was allowed, taxed costs of travel
and attendance for each of the four defendants. On appeal, the
court affirmed the taxation, and the plaintiffs appealed to this
court.

*E. Avery & G. M. Hobbs*, for the plaintiffs.

*E. Merwin*, for the defendants.

BY THE COURT. This was originally an action of contract,
but was changed by amendment into an action of tort. The
defendants answered severally, as they had a right to do; and
if they prevailed, they were entitled to tax costs separately.
*West* v. *Brock*, 3 Pick. 303. *Fales* v. *Stone*, 9 Met. 316. *Davis*
v. *Hastings*, 8 Cush. 313. When the plaintiffs moved to change
the action to a suit in equity, the judge who allowed the mo-
tion had authority to fix the terms, and has done so. All we
can do is, to give a construction to his order. We cannot doubt
that " taxable costs " includes separate costs to each defendant.

*Taxation affirmed.*